STEPHEN TAYLOR v. STATE OF OHIO.

1. WHEN EVIDENCE IN CHIEF IS ADMITTED AFTER CASE IS CLOSED DEFENDANT MUST BE GIVEN REASONABLE TIME TO SECURE EVIDENCE FOR ANSWER.

To reopen a case in chief to let in new testimony after it is finally closed is within the discretion of the court, but it is prejudicial error to do so without giving the defendant a reasonable time to recall his witnesses to make answer to such new testimony.

2. KILLING WITHIN DEGREE CHARGED MUST BE PROVEN BEFORE DEFENDANT CAN BE REQUIRED TO ESTABLISH SELF-DEFENSE.

The defendant in a homicide case cannot be required to establish his defense of self-defense until the state has established that the killing by him was an unlawful killing within the degree of the crime charged, and it is error to charge otherwise.

3. CIRCUMSTANCES BEING SUCH THAT SLAYER MIGHT REASONABLY BELIEVE DANGER IMMINENT SUFFICIENT TO JUSTIFY KILLING IN SELF-DEFENSE.

The actual existence of imminent danger of death or great bodily harm to justify a homicide on the ground of self-defense, but if the slayer in the careful and proper use of his faculties, *bona fide* believes and has reasonable ground to believe that he is in such danger, such defense may be sustained.

**A. Lee Beaty,** for plaintiff in error:

Cited and commented upon the following authorities: *Marts* v. *State,* 26 Ohio St. 162; *Martin* v. *State,* 9 Circ. Dec. 621 (17 R. 406); *Donald* v. *State,* 11 Circ. Dec. 483 (21 R. 124); *Mueller* v. *Rebham,* 94 Ill. 142; *State* v. *Lawrence,* 70 Vt. 524 [41 Atl. Rep. 1027].

**H. T. Hunt,** Pros. Atty., and **A. C. Fricke,** Asst. Pros. Atty., for defendant in error:

Cited and commented upon the following authorities: *Silvus* v. *State,* 22 Ohio St. 90; *Weaver* v. *State,* 24 Ohio St. 584; *Marts* v. *State,* 26 Ohio St. 162; *Darling* v. *Williams,* 35 Ohio St. 58; *State* v. *Shreves,* 81 Iowa 615 [47 N. W. Rep. 899]; *Anderson* v. *State,* 117 Ga. 255 [43 S. E. Rep. 835]; *State* v. *Abarr,* 39 Iowa 185; *Olds* v. *State,* 44 Fla. 452 [33 So. Rep. 296]; *Lane* v. *State,* 44 Fla. 105 [32 So. Rep. 896]; *Morrison* v. *State,* 42 Fla. 149 [28 So. Rep. 97]; *State* v. *Sullivan,* 51 Iowa 142 [50 N. W. Rep. 572]; *State* v. *Fourchy,* 51 La. Ann. 228 [25 So. Rep. 109]; *Kent* v. *State,* 42 Ohio St. 426; *White* v. *State,* 100 Ga. 659 [28 S. E. Rep. 423]; *State* v. *Jacobs,* 28 S. C. 29 [4 S. E. Rep. 799]; *Leighton* v. *People,* 88 N. Y. 117; *United States* v. *Bennett,* 17 Blatchf. 357 [24 Fed. Cas. 1107]; *Johnson* v. *Wiley,* 74 Ind. 233; *Dodd*

Taylor v. State.

v. *Norris*, 3 Campbl. 519; *Dufresne* v. *Weise*, 46 Wis. 290 [1 N. W. Rep. 59]; *Sherman* v. *Manufacturing Co.* 23 R. I. 529 [51 Atl. Rep 48]; *Atherton* v. *De Freeze*, 129 Mich. 364 [88 N. W. Rep. 886]; *Adam*, v. *Eames*, 107 Mass. 275; *Blight* v. *Ashley*, 1 Peter C. C. 15 [3 Fed. Cas. 699]; *Beemer* v. *Kerr*, 23 U. C. Q. B. 557; Queen's Case, 2 B. & B. 294; *Collins* v. *Stephenson*, 74 Mass. (8 Gray) 438.

SMITH, J.

The plaintiff in error was indicted, tried and convicted of murder in the second degree in the court of common pleas of this county and now seeks a reversal of the judgment of the court committing him to the penitentiary for life for the following errors:

First. The act of the court in admitting certain evidence in rebuttal which should have been introduced in chief by the state and the refusal to allow plaintiff in error the right to rejoin thereto.

Second. For errors of law in the general charge of the court.

The state in rebuttal called as a witness Isaac J. Cassidy, who testified substantially that the plaintiff in error had asked him to go into a certain place and ascertain if Tom Taylor, the deceased, was in there and tell him to come out. That he did so, and after coming out the plaintiff in error asked him if Tom Taylor was in there and he said, no; that he may be over at the bakery; and that about twenty minutes or a half-hour thereafter a shot was fired, and that the witness then ran up the street and found the deceased lying on the ground, dead.

It is apparent that this evidence was introduced for the purpose of showing that the plaintiff in error was seeking the deceased for the purpose, it could be argued, of shooting him. This being so, the evidence was clearly such as should have been offered in chief by the state. It was, however, within the discretion of the trial judge to permit this evidence to be given, but if this was done then the plaintiff in error should have been allowed at least a reasonable time to recall his witnesses to make answer to this new evidence. The rule seems to be:

"By the law of evidence, testimony competent in chief, by that fact is rendered incompetent in reply. The rule, however, is subject to the discretional authority of a trial court to reopen a case in chief at any time before it is finally closed, and let such evidence in. But this should not be done when, without fault on his part, by reason of the discharge of witnesses, or otherwise, a party would be cut off from an answer to the new testimony, which he might have made if it had been regularly given." *Donald* v. *State*, 11 Circ. Dec. 483 (21 R. 124).

As to the errors in the charge of the court, we are of the opinion that where the accused has attempted to justify the homicide on the ground of self-defense, it is error for the court to charge the jury:

"That if the killing by the defendant is established by the state, then the burden of proof is upon the defendant to establish by a preponderance of the evidence that what he did was necessary to be done in order to save his own life or to protect himself from great bodily harm."

While it is true that the burden of self-defense is upon the defendant, and he must establish this by a preponderance of the evidence, yet the killing by the defendant that must be first established by the state is an unlawful killing, such an unlawful killing as would be embraced in murder of the second degree, or manslaughter, or the degree of crime charged.

It is further urged that in charging the jury upon the subject of self-defense as to the belief that should exist in the mind of the accused, the court charged that the defendant would be justified in taking the life of the deceased if he, acting reasonably and prudently under the circumstances, believed that he was in danger of loss of life or great bodily harm, or that the defendant would not be responsible, unless the circumstances were such as to have afforded a reasonable ground to believe that there was not any danger imminent to him acting reasonably and prudently under the circumstances. We think this was error. "Homicide is justifiable on the ground of self-defense, where the slayer in the careful and proper use of his faculties, *bona fide* believes and has reasonable ground to believe that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be by taking the life of his assailant, although in fact he is mistaken as to the existence or imminence of the danger. The fact of the existence of such danger is not an indispensable requisite. *Marts* v. *State,* 26 Ohio St. 162; *Martin* v. *State,* 9 Circ. Dec. 621 (17 R. 406).

The defendant in such a case is not to be judged as to whether he was acting prudently under the circumstances, and thereby allow the jury to determine whether, under the circumstances, they, as prudent persons, would have acted as he acted or whether he acted as some other prudent person would act. His plea of self-defense must be determined upon the question whether or not, in the careful and proper use of his faculties, he *bona fide* believed and had reasonable ground to believe that he was in imminent danger of death or great bodily harm, and that his only means of escape from this danger would be by taking the

Taylor v. State.

life of his assailant, and this must be judged from his standpoint under all the circumstances at the time.

We see no objection to the use of the word "honestly" in connection with the word belief. This did not put in issue the question as to the honesty or dishonesty of the defendant, but rather was used by the court in the sense of a *bona fide* belief or sincere belief. We do not think the other claims of error in the charge, if indeed there are such, are prejudicial to plaintiff in error, and. while we would not disturb this verdict upon the weight of the testimony alone, yet we feel for the reasons above stated the judgment should be reversed and a new trial granted.

**Giffen** and **Smith, JJ.,** concur.